**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FILED

FEB 2 7 2007

02-27-07

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| TERRANCE THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | 07cv1130 |
| | ) | JUDGE GUZMAN |
| v. | ) | MAG. JUDGE MASON |
| | ) | |
| CITY OF CHICAGO, CHICAGO POLICE | ) | Judge |
| OFFICERS, CARL SUCHOCKI, STAR # 18391, | ) | |
| DETECTIVE TIM MCDERMOTT, STAR # 6298 | ) | Magistrate Judge |
| JOHN BURZINSKI, Star #3450, and | ) | |
| UNKNOWN CHICAGO POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, TERRANCE THOMPSON, through his attorneys, A LAW

OFFICE OF CHRISTOPHER R. SMITH, Jared S. Kosoglad and Christopher R. Smith,

and for his Complaint against defendants CITY OF CHICAGO, CHICAGO POLICE

OFFICERS CARL SUCHOCKI, Star # 18391, DETECTIVE TIM MCDERMOTT, Star # 6298,

JOHN BURZINSKI, Star #3450, and UNKNOWN CHICAGO POLICE OFFICERS, state as

follows:

### INTRODUCTION

1. This is a civil action seeking damages against defendants for (1) conducting the affairs

of various enterprises, including the City of Chicago, Chicago Police Department, and Special

Operations Section, through a pattern of racketeering activity against the plaintiff; (2) for

depriving plaintiff, while acting under color of law as Chicago Police Officials and City

1

Officials, of rights secured by the Constitution and laws of the United States; (3) for related

State-law claims; and (4) for the City of Chicago's widespread policies and practices that caused

the plaintiff various injuries.

## JURISDICTION

2. action is brought pursuant to 18 U.S.C. §§ 1961, *et. seq.*, the Racketeer Influenced and

Corrupt Organizations Act ("RICO"), and pursuant to 42 U.S.C. §§ 1983, 1985, and the Fourth,

Eighth, and Fourteenth Amendments to the United States Constitution. The jurisdiction of this

Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, and § 1985; the judicial

code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States; and pendent

jurisdiction as provided under U.S.C., § 1367(a). Plaintiff further invokes the supplemental

jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising out of

state law.

## PARTIES

3. Plaintiff is a citizen of the United States, who currently resides in Chicago, Illinois.

4. Defendant Chicago Police Officers, collectively the "Officer Defendants," were, at the

time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct

complained of while on duty in the course and scope of their employment and under color of law.

They are sued in their individual capacities.

5. Defendant City of Chicago, ("City") is a municipal corporation duly incorporated

under the laws of the State of Illinois, and is the employer and principal of all other defendants.

At all times relevant hereto, all defendants were acting under color of the statutes, ordinances,

2

regulations, customs and usages of the State of Illinois and the City of Chicago, and within the scope of their employment with defendant institutions.

## FACTS

6.     On September 21, 2002, at approximately 2:30 P.M., Terrance Thompson was in front of his home in Chicago, Cook County, Illinois on the sidewalk at 3500 West Ohio.

7.     A marked Chicago Police squad car, containing three officers, pulled up to Terrance's location, and two officers exited the vehicle.

8.     Other individuals in the area of 3500 West Ohio ran from the squad car; Terrance Thompson did not run.

9.     The two officers asked Terrance why the other individuals ran away. Terrance replied with words to the effect of, "Probably because they saw you."

10.     An officer grabbed Terrance by the belt and began to search Terrance's person, without legal justification.

11.     Another officer proceeded into a gangway and did not reappear for ten minutes. Upon returning, the officer carried a gun. The gun did not belong to Terrance.

12.     Officers attempted to coerce Terrance into identifying a house that the others fled to. Terrance did not know the house and indicated that fact to the officers. Officers put Terrance inside a squad car.

13.     Plaintiff was arrested and charged with aggravated unlawful use of a weapon, without probable cause.

14.     In the course of their investigation, officers fabricated evidence that falsely

3

indicated plaintiff committed the crime of aggravated unlawful use of a weapon and withheld

from the state's attorney and Terrance's attorney evidence that would have exonerated Terrance,

in violation of Terrance's Constitutional rights.

15.    In October, 2003, Terrance stood trial before a jury in Cook County, IL for the

charge of aggravated unlawful use of a weapon.

16.    At Terrance's trial, officers intentionally and knowingly offered false testimony to

support the charges leveled against Terrance.

17.    As a direct and proximate result of the misconduct described above, Terrance was

wrongfully convicted of a felony and sentenced to eight years imprisonment on November 4,

2003.

18.    By order of the Court, on December 5, 2006, Terrance's criminal conviction was

vacated, and Terrance's criminal case was dismissed. As a direct and proximate result of the

misconduct described above, Terrance spent over three years of his life incarcerated for a crime

he did not commit.

19.    As a direct and proximate result of the malicious actions of the coconspirators,

plaintiff was injured, including the loss of his freedom, damage to his reputation, damage to his

property, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity,

lost time, lost property, lost wages, attorney's fees, and extreme emotional distress.

20.    The Officer Defendants and Unknown Chicago Police Officers conspired and

agreed amongst themselves to falsely charge Terrance Thompson with crimes the officers knew

Terrance did not commit. In furtherance of this conspiracy, defendant officers filled out and filed

4

false and incomplete police reports relative to Terrance's arrest and knowingly testified in a false, misleading, and untruthful manner at Terrance's criminal trial to support the charges brought against Terrance.

21. The City of Chicago, its officials, Chicago Police Department, its officials, Special Operations Section, its officers, and the defendant officers engaged in a pattern of racketeering activity, as defined by 18 U.S.C. Section 1961, including but not limited to kidnapping, robbery, interference with commerce by threats and violence, witness intimidation, witness retaliation, influencing, delaying, and preventing testimony, hindering, delaying, and preventing the communication of federal offenses to law enforcement agencies and judicial officers, and conspiring to do the same.

### Count I

### 18 U.S.C. Section 1961 *et. seq.* – Racketeer Influenced and Corrupt Organizations

1-21. Plaintiff realleges paragraphs 1 through 21 above, as if fully set forth here.

22. The racketeering enterprises in this cause are the City of Chicago, Chicago Police Department, and Special Operations Section thereof, in which the defendant officers and other unknown officials and officers used their official positions to illegally commit a pattern of racketeering activity, including but not limited to kidnapping, robbery, obstruction of justice, intimidation of witnesses, retaliation against witnesses, interference with commerce by threats and violence, influencing, delaying, and preventing testimony, and hindering, delaying, and preventing the communication of federal offenses to law enforcement agencies and judicial officers, as detailed more fully throughout this Complaint.

5

23. As detailed above, the individual defendants and other as of yet unknown officials and officers conducted and participated in the conduct of the City of Chicago, Chicago Police Department, and Special Operations Section through a pattern of racketeering activity, and conspired amongst themselves and others unnamed to do the same.

24. As a direct and proximate result of the racketeering violations described above, plaintiffs were injured in their business and property, including but not limited to attorney's fees, lost wages and employment, tangible property, and physical injuries.

25. The individual defendants are employed by and associated in fact with said enterprises, the City of Chicago, Chicago Police Department, and Special Operations Section.

26. The individual defendants, while acting individually, jointly, and in conspiracy with each other, as well as under color of law and within the scope of their employment, directly and indirectly, conducted and participated in the affairs of the City of Chicago, Chicago Police Department, and Special Operations Section, through a pattern of racketeering activity, as is more fully described throughout this Complaint.

WHEREFORE, plaintiff demands judgment against the individual officers, jointly and severally, for compensatory damages in an amount in excess of SIX MILLION DOLLARS ($6,000,000.00), and further demands judgment against the individual officers, jointly and severally, for treble damages in an amount in excess of EIGHTEEN MILLION DOLLARS ($18,000,000.00), and further demands attorneys' fees and the costs of this action, and for such other and further relief as this Court deems just, proper, and equitable.

6

## Count II

### 42 U.S.C. Section 1983 – Due Process

1-21.   Plaintiff realleges paragraphs 1 through 21 above, as if fully set forth here.

22.   As described more fully above, all of the defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, deprived Plaintiff of his constitutional right to a fair trial.

23.   In the manner described more fully above, the defendants deliberately withheld exculpatory evidence, as well as fabricated false reports, testimony, and other evidence, thereby misleading and misdirecting the criminal prosecution of Plaintiff. Absent this misconduct, the prosecution of Plaintiff could not and would not have been pursued.

24.   The defendant officers' misconduct also directly resulted in the unjust criminal conviction of Plaintiff, thereby denying him his constitutional right to a fair trial, and a fair appeal thereof, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

25.   As a result of this violation of his constitutional rights, Plaintiff suffered injuries, including, but not limited to, emotional distress and a deprivation of his liberty, as is more fully alleged above.

26.   The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

27.   The misconduct described in this Count was undertaken pursuant to the official policy and practice of the Chicago Police Department in the manner described more fully above.

7

WHEREFORE, Terrance Thompson demands judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of SIX MILLION DOLLARS ($6,000,000.00) and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of SIX MILLION DOLLARS ($6,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

## Count III

### 42 U.S.C. Section 1983 – Equal Protection

1-21.    Plaintiff realleges paragraphs 1 through 21 above, as if fully set forth here.

22.      As described more fully above, Defendants, all while acting individually, jointly, and in conspiracy with each other, as well as under color of law and within the scope of their employment, denied Plaintiff equal protection of the law in violation of his constitutional rights.

23.      Specifically, these defendants actively participated in, or personally caused, misconduct, in terms of abusing minority criminal suspects in a manner calculated to coerce confessions and secure unjust convictions. Said misconduct was motivated by racial animus and constituted purposeful discrimination; it also affected minorities in a grossly disproportionate manner vis-à-vis similarly situated Caucasion individuals.

24.      As a result of this violation, Plaintiff suffered injuries, including but not limited to emotional distress and a deprivation of his liberty, as is more fully alleged above.

25.      The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

8

26.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

WHEREFORE, Terrance Thompson demands judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of SIX MILLION DOLLARS ($6,000,000.00) and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of SIX MILLION DOLLARS ($6,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

### Count IV

### 42 U.S.C. Section 1985 – Conspiracy to Deprive Constitutional Rights

1-21.   Plaintiff realleges paragraphs 1 through 21 above, as if fully set forth here.

22.     As described more fully above, each of the Defendants conspired, directly or indirectly, for the purpose of depriving Plaintiff of equal protection of the law.

23.     In so doing, Defendants took actions in furtherance of this conspiracy, causing injury to Plaintiff.

24.     The misconduct described in this Count was undertaken with malice, willfullness, and reckless indifference to the rights of Terrance and others.

25.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

WHEREFORE, Terrance Thompson demands judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of SIX

9

MILLION DOLLARS ($6,000,000.00) and further demands judgment against the individual

defendants, jointly and severally, for punitive damages in an amount in excess of SIX MILLION

DOLLARS ($6,000,000.00), plus attorney's fees pursuant to statute and the costs of this action,

and such other and further relief as this Court deems just, proper, and equitable.

### Count V

### 42 U.S.C. Section 1983 – Conspiracy to Deprive Constitutional Rights

1-21.    Plaintiff realleges paragraphs 1 through 21 above, as if fully set forth here.

22.    As described more fully above, the Defendants reached an agreement amongst

themselves to frame Plaintiff for the crime, and to thereby deprive Plaintiff of his Constitutional

rights, all as described more fully throughout this Complaint.

23.    Independently, before and after Plaintiff's convictions, each of the Defendants

further conspired and continue to conspire to deprive Plaintiff of exculpatory evidence to which

he was lawfully entitled and which would have led to his more timely exoneration of the false

charges as described more fully throughout this Complaint.

24.    In this manner, the Defendant Officers, acting in concert with other unknown co-

conspirators, including person who are not members of the Chicago Police Department, have

conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

25.    In furtherance of the conspiracy, each of the co-conspirators committed overt acts

and was an otherwise willful participant in joint activity.

26.    As a direct and proximate result of the illicit prior agreement referenced above,

Plaintiff's rights were violated, and he suffered financial damages, severe emotional distress and

10

anguish, and a deprivation of his liberty, as is more fully alleged above.

27.     The misconduct described in this Count was undertaken with malice, willfullness, and reckless indifference to the rights of Terrance and others.

28.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully throughout this Complaint and was tacitly ratified by policy-makers for the City of Chicago with final policymaking authority.

WHEREFORE, Terrance Thompson demands judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of SIX MILLION DOLLARS ($6,000,000.00) and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of SIX MILLION DOLLARS ($6,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

## Count VI

### 42 U.S.C. Section 1983 – Failure to Intervene

1-21.     Plaintiff realleges paragraphs 1 through 21 above, as if fully set forth here.

22.     In the manner described throughout this Complaint, during the constitutional violations described herein, one or more of the Defendants (and other as-yet-unknown Chicago Police Officers) stood by without intervening to prevent the misconduct.

23.     As a result of the Defendant Officers' failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress,

and a deprivation of his liberty, as is more fully described throughout this Complaint.

24.     The misconduct described in this Count was undertaken with malice, willfullness, and reckless indifference to to the rights of others.

25.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more full above.

WHEREFORE, Terrance Thompson demands judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of SIX MILLION DOLLARS ($6,000,000.00) and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of SIX MILLION DOLLARS ($6,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

## Count VII

### 42 U.S.C. Section 1983 – False Imprisonment

1-21.   Plaintiff realleges paragraphs 1 through 21 above, as if fully set forth here.

22.     The actions of the Officer Defendants, described above, whereby defendants knowingly arrested and imprisoned Terrance Thompson without probable cause or any other justification, constituted deliberate indifference to Plaintiff's rights under the U.S. Constitution, thus violating the Fourteenth and Eighth Amendments to the United States Constitution.

23.     As a direct and proximate result of these Constitutional violations, Terrance Thompson was caused to suffer great pain, anguish, despair, and other permanent and temporary mental suffering.

12

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Terrance Thompson demands judgment against the individual defendants, jointly and severally, for compensatory damages against the Officer Defendants in an amount in excess of SIX MILLION DOLLARS ($6,000,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of SIX MILLION DOLLARS ($6,000,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count VIII

### 42 U.S.C. Section 1983 - *Monell* Claim Against City of Chicago

1-21.    Plaintiff realleges paragraphs 1 through 21 above, as if fully set forth here.

22.   The constitutional violations detailed above were caused in part by the customs, policies, and practices of the defendants, as promulgated, enforced, and disseminated by the City of Chicago, the Mayor of Chicago, the City Council, members of the City Council, the aldermen, the Chicago Police Department, the Chicago Police Board, members of the Chicago Police Board, the Office of Professional Standards, and Superintendent Cline, whereby those charged with ensuring compliance with the Constitution of the United States, in this case and many other cases, instead deliberately, willfully, and wantonly encouraged the infliction of physical and psychological intimidation onto the citizens of the City of Chicago in violation of the United States Constitution.

23. The customs, policies, and practices that caused the constitutional violations herein alleged include:

13

(a) excessive force by Chicago Police Officers;

(b) the denial of substantive due process, abuse of legal process, malicious prosecution, and filing of false charges against innocent persons by Chicago Police Officers;

(c) mental abuse, oral abuse, and oral assaults by Chicago Police Officers;

(d) the filing of false and incomplete police reports to hide criminal and unconstitutional conduct by officers;

(e) the filing of false charges and the pursuit of baseless prosecutions in order to protect police officers from claims of improper conduct and to avoid liability;

(f) a code of silence whereby officers refuse to report the unconstitutional and criminal misconduct of other officers, including the unconstitutional and criminal conduct alleged in this Complaint;

(g) a code of silence whereby officers remain silent or give false and misleading information during official investigations to cover up unconstitutional and criminal misconduct, to protect themselves, and to protect other officers;

(h) the willful, wanton, and deliberately indifferent failure to train, supervise, and discipline police officers in regards to unconstitutional and criminal misconduct;

(i) the willful, wanton, and deliberately indifferent failure to train, supervise, and discipline police officers in order to prevent unconstitutional and criminal misconduct by police officers

(j) the failure to adequately investigate and substantiate allegations of unconstitutional and criminal misconduct by police officers;

14

(k) the failure to adequately discipline police officers that engage in unconstitutional and criminal misconduct;

(l) the encouragement and propogation of the misconduct complained of in subparagraphs (a)-(k) by stamping official approval on officers' unconstitutional and criminal misconduct through the Office of Professional Standards;

(m) the approval, support, and encouragement of unconstitutional and criminal misconduct by police officers to avoid financial loss;

(n) the failure to deter police officers from engaging in unconstitutional and criminal misconduct through deficient, defective, and ineffectual investigatory and disciplinary procedures, as promulgated by the Office of Professional Standards; and

(o) racketeering for personal gain.

24. The policies, practices, and customs herein complained of are so prevalent and widespread within the Chicago Police Department as to put City of Chicago policy makers on actual and implied notice that such policies existed in full force and effect.

25. City of Chicago policy makers acted willfully, wantonly, and deliberately indifferent towards the constitutional rights of Plaintiff by accepting, monitoring, maintaining, protecting, and encouraging the unconstitutional policies, practices, and customs listed in paragraph 22 of this Complaint.

26. By acting willfully, wantonly, and deliberately indifferent towards the constitutional rights of Plaintiff, City of Chicago policy makers approved, encouraged, and caused the constitutional violations alleged in this Complaint.

15

27. As a proximate result of the above-detailed actions of the defendants and City of Chicago policy makers, Plaintiff were injured, including injuries resultant from the above detailed constitutional violations, pain, suffering, anguish, embarrassment, emotional injuries, mental injuries, psychological injuries, and physical injuries. In addition, the violations proximately caused the Plaintiff great humiliation, exposed them to public scandal and disgrace, and caused them to incur various expenses, all to his damage.

WHERFORE, plaintiff demands judgment against the defendants for compensatory damages in an amount in excess of SIX MILLION DOLLARS ($6,000,000.00) plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

## Count IX

## 745 ILCS 10/9-102

1-21. Plaintiff realleges paragraphs 1 through 21 above, as if fully set forth here.

22. Defendant City of Chicago is the employer of all police officer defendants.

23. The Officer Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should any of the individual officers be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment Plaintiff obtain against said defendants, as well as attorneys fees and costs awarded.

16

## Count X

### Malicious Prosecution — State Claim Against City and Officers

1-21.    Plaintiff realleges paragraphs 1 through 21 above, as if fully set forth here.

22.    By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact maliciously prosecute plaintiff Terrance Thompson on false charges for which they knew there was no probable cause.

23.    The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

24.    As a direct and proximate result of the malicious prosecution, Terrance Thompson was damaged, including the value of his lost liberty, attorneys' fees, lost work, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, anguish, the loss of a relationship with his child, and the loss of a normal life.

WHEREFORE, Terrance Thompson demands judgment against the City and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of SIX MILLION DOLLARS ($6,000,000.00), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of SIX MILLION ($6,000,000.00), and further demands attorney's fees and the costs of this action, and for such other and further relief as this Court deems just, proper, and equitable.

17

## Count XI

### False Arrest — State Claim Against City and Officers

1-21.    Plaintiff realleges paragraphs 1 through 21 above, as if fully set forth here.

22.    By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact arrest Terrance Thompson on false charges for which they knew there was no probable cause.

23.    The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

24.    As a direct and proximate result of the false arrest, Terrance Thompson was damaged, including the value of his lost liberty, attorneys fees, lost work, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, and anguish.

WHEREFORE, Plaintiff Terrance Thompson demands judgment against the defendants, jointly and severally, for compensatory damages in an amount in excess of SIX MILLION DOLLARS ($6,000,000.00), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of SIX MILLION DOLLARS ($6,000,000.00), and further demands attorney's fees and the costs of this action, and for such other and further relief as this Court deems just, proper, and equitable.

## Count XII

### Intentional Infliction of Emotional Distress Against City and Officers

1-21.    Plaintiff realleges paragraphs 1 through 21 above, as if fully set forth here.

22.    The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

23.    Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on plaintiff or with knowledge of the high probability that the conduct would cause such distress.

24.    As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, anxiety attacks, stress disorders, phobias, and flashbacks.

25.    As of the filing of this Complaint, plaintiff continues to suffer from the above described injuries caused by the extreme and outrageous conduct of the defendants.

26.    The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

WHEREFORE, Plaintiff demands judgment against the City and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of SIX MILLION DOLLARS ($6,000,000.00), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of SIX MILLION DOLLARS ($6,000,000.00), and further demands attorney's fees and the costs of this action, and

19

for such other and further relief as this Court deems just, proper, and equitable.

Respectfully submitted,

TERRANCE THOMPSON

By:     One of his attorneys

PLAINTIFF DEMANDS TRIAL BY JURY.

Christopher R. Smith
Jared S. Kosoglad
A Law Office of Christopher R. Smith
119 North Peoria, Suite 3A
Chicago, Illinois 60607
312-432-0400

20