IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRANCE THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 1130 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Judge Ronald A. Guzmán |
| | ) | |
| Defendants. | ) | |

**MOTION *IN LIMINE* NO. 3**
**CITY OF CHICAGO'S MOTION TO BAR POST-INCIDENT *MONELL* EVIDENCE**

Defendant, the City of Chicago, by its attorneys, Terrence M. Burns of Dykema Gossett PLLC, moves this Court, *in limine*, to bar post-incident *Monell* evidence. In support of this motion, the City states as follows:

1. On February 27, 2007, plaintiff filed this lawsuit against the City and defendants Burzinski, McDermott and Suchocki claiming civil rights violations and state law violations. Specifically, plaintiff alleges the individual defendants withheld exculpatory evidence from him at his criminal trial and maliciously prosecuted him. Plaintiff asserts that the individual defendants planted a gun on him and arrested him on September 21, 2002 for aggravated UUW.

2. The City anticipates plaintiff may seek to introduce evidence at trial relative to indictments and convictions of certain non-defendant Chicago police officers who formerly worked in the Special Operations Section of the Chicago Police Department. For instance, plaintiff has identified Indictments of Officers as an exhibit in the final pretrial order and has also identified as may call trial witnesses several former SOS officers who recently plead guilty to various charges. (See Final Pretrial Order, plaintiff's exhibit list at paragraph 9; plaintiff's witness list at paragraphs 8-15 and 27-34). The indictments and convictions, however, involve

incidents that are alleged to have occurred after plaintiff's September 21, 2002 arrest for aggravated UUW and his 2003 trial.

3. Because the law is clear that plaintiff must demonstrate that the alleged municipal practices were engaged in "with 'deliberate indifference' as to [their] known or obvious consequences," incidents which occurred after plaintiff's arrest and prosecution inherently cannot serve as a basis for his *Monell* claim. *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 407 (1997) (hereinafter, "*Bryan County*"); *see also City of Canton v. Harris*, 489 U.S. 378, 388 (1989). As the Seventh Circuit stated in *Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994), "subsequent conduct is irrelevant to determining the [municipality's *Monell*] liability for the conduct of its employees on February 23, 1988." The same principle applies here.

4. In addition, the plaintiff must demonstrate the existence of a direct causal link between the municipal policy and the constitutional injury. *City of Canton*, 489 U.S. at 385; *Bryan County*, 520 U.S. at 404. The importance of a plaintiff establishing both a causal link and the requisite level of municipal culpability (*i.e.*, deliberate indifference) has been underscored by the Supreme Court, which warned that "where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into [improper] *respondeat superior* liability." *Bryan County*, 520 U.S. at 415. The City policymaker's alleged deliberate indifference to incidents which occurred after plaintiff's 2002 and 2003 arrest and prosecution could not possibly have caused plaintiff's alleged constitutional injury. *Calusinski*, 24 F.3d at 936. Accordingly, any evidence or reference to any post-incident activities of the Chicago Police Department, any defendant, or any other person or entity allegedly related to any defendant is wholly irrelevant and prejudicial and should be barred. Fed.R.Evid. 401, 402, 403.

WHEREFORE, defendant, City of Chicago, requests this Court enter an order barring post-incident *Monell* evidence at trial.

                                                  Respectfully submitted,

                                                  s/ Daniel Noland

Terrence M. Burns                             One of the Attorneys for the Defendant,
Paul A. Michalik                                 CITY OF CHICAGO
Daniel M. Noland
Molly E. Thompson
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
312.876.1700 (phone)
312.627.2302 (facsimile)

## CERTIFICATE OF SERVICE

      I hereby certify that on October 15, 2009, I electronically filed the foregoing **Motion** *In Limine* **No. 3** with the Clerk of the Court using the ECF system which sent electronic notification of the filing on the same day to:

| | |
|---|---|
| Christopher R. Smith | Geri Lynn Yanow |
| Amanda C. Antholt | Jonathan Clark Green |
| James M. Baranyk | City of Chicago, Department of Law |
| Smith, Johnson &Antholt | 30 North LaSalle Street |
| 112 South Sangamon, Suite 3A | Suite 1400 |
| Chicago, Illinois 60607 | Chicago, Illinois  60602 |
| 312.432.0400 | 312.744.9010 |

                                          s/ Daniel Noland
                                          Daniel Noland