**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TERRANCE THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  07 C 1130 |
| v. | ) | |
| | ) | Judge Guzman |
| CITY OF CHICAGO, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM CONCERNING THE OFFICERS'
ONGOING OBLIGATION TO TURN OVER *BRADY* EVIDENCE**

Now comes Plaintiff, TERRANCE THOMPSON, by his attorneys, Smith, Johnson & Antholt, LLC, submitting this memorandum on the issue of the officers' ongoing duty to turn over *Brady* evidence throughout the appeal and post-conviction proceedings.

During the pre-trial conference proceedings in this matter, the question of whether the officers' *Brady* duty to disclose exculpatory evidence continued after Mr. Thompson's conviction.  That question is likely to continue to arise with regard to additional evidence throughout this trial, including that relating to the guilty pleas of the other Special Operations Section officers.  Plaintiff therefore respectfully submits the following summary of the relevant case law.

Consistent with *Brady,* the Seventh Circuit has held that the duty to disclose exculpatory evidence which is known at the time of the trial continues throughout any appeal and post-conviction proceedings.  *Steidl v. Fermon*, 494 F.3d 623 (7th Cir. 2007).  In *Steidl*, the issue arose because the defendants in that civil case had not been involved in the early stages of the criminal case.  *Id.* at 625.   The Seventh Circuit expressly rejected the proposition that the duty to turn over *Brady* evidence does not extend beyond the original trial.  *Id.* at 628-629.

Although the Seventh Circuit has not addressed the related issue of whether disclosure of exculpatory evidence discovered post-trial is required under *Brady* (*Steidl*, 494 F.3d at 629), other circuits have. *See Tennison v. City and County of San Francisco*, 570 F.3d 1078 (9th Cir. 2009); *Leka v. Portuondo*, 257 F.3d 89, 100 (2nd Cir. 2001); *Smith v. Roberts*, 115 F.3d 818, 820 (10th Cir. 1997). *See also Douglas v. Workman*, 560 F.3d 1156, 1173 (10th Cir. 2009) ("We emphasize that the duty to disclose such information continues throughout the judicial process.")

In *Tennison*, after Mr. Tennison had been convicted, the defendants received a taped confession by another man confessing to the crime. *Tennison*, 570 F.3d at 1093. The defendants in that case argued that the evidence was immaterial because it came post-conviction. The Ninth Circuit, however, rejected that argument. *Id.* "The fact that the Inspectors received the tape of the confession after the guilty verdict was rendered is immaterial because the record discloses that they received the tape while they were still involved in the new trial and post-conviction proceedings." *Id. citing Broam v. Bogan*, 320 F.3d 1023, 1030 (9th Cir. 2003) ("A prosecutor's decision not to preserve or turn over exculpatory material before trial, during trial, or after conviction is a violation of due process under [ *Brady* ]."); *Leka*, 257 F.3d at 100 (stating that "*Brady* requires disclosure of information that the prosecution acquires during the trial itself, or even afterward"); *Smith*, 115 F.3d at 820 (finding that Brady required the disclosure of impeachment evidence while case was on appeal").

In this case, both issues apply. From the time of Plaintiff's arrest in September 2002 through his criminal conviction in October 2003, Defendants had knowledge of impeaching evidence regarding the pattern of misconduct and corruption in the Special Operations Section (which included, but was not limited to, Defendants Suchocki, McDermott and Burzinski). Throughout Plaintiff's subsequent appeal and post-conviction proceedings until the case was

2

dismissed on December 5, 2006, the pattern of misconduct and corruption continued and the Defendants learned of more and more impeachment evidence. Throughout the appeal and post-conviction proceedings, the Defendants were bound by *Brady* to disclose both the impeachment evidence that they knew at the time of the conviction and the closely related "new" evidence that increased everyday as their pattern of widespread misconduct and corruption continued.

WHERERFORE Plaintiff respectfully submits that evidence of Defendants' failure to disclose impeachment evidence throughout the appeal and post-conviction proceedings in the criminal case are relevant and admissible evidence of the due process claim in this matter.

RESPECTFULLY SUBMITTED,

_____/s/ Amanda Antholt_____
One of the Attorneys for Plaintiff

Christopher R. Smith
Robert W. Johnson
Amanda Antholt
Smith, Johnson & Antholt, LLC
112 S. Sangamon St., 3rd Floor
Chicago, IL 60607
(312) 432-0400

David A. Cerda
Cerda Law Office
440 North Wabash Avenue
Suite 4905
Chicago, Illinois 60611-7690
(312) 467-9100

## **CERTIFICATE OF SERVICE**

  The undersigned attorney hereby certifies that on November 1, 2009 , the foregoing Motion in Limine was served electronically to counsel for all parties.


             _____/s/ Amanda Antholt_____
              One of the Attorneys for Plaintiff