07 C 1130     **Judge Guzman**

**Thompson v. City of Chicago, et al**

*Filed Jury Instructions —GIVEN.*

FILED

NOV 0 9 2009

RONALD A. GUZMAN, JUDGE
UNITED STATES DISTRICT COURT

If you find for Plaintiff Terrance Thompson and against one or more of the Defendants Suchocki, Burzinski or McDermott, you may, but are not required to, assess punitive damages against each such Defendant. The purposes of punitive damages is to punish a Defendant for his conduct and to serve as an example or warning to him and others not to engage in similar conduct in the future.

The Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against a Defendant. You may assess punitive damages only if you find that a Defendant's conduct was malicious or in reckless disregard of the Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring the Plaintiff. Conduct is in reckless disregard of the Plaintiff's rights if, under the circumstances, it reflects complete indifference to the Plaintiff's safety or rights.

If you find that punitive damages are appropriate against one or more of the Defendants, then you must use sound reason in setting the amount of those damages against each such Defendant. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of the Defendant's conduct;

- the impact of the Defendant's conduct on the Plaintiff;

- the relationship between the Plaintiff and the Defendant;

- the likelihood that the Defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

To succeed on his claim for malicious prosecution as to any Defendant, Plaintiff Terrance Thompson must prove each of the following things by a preponderance of the evidence:

1. That the Defendant caused a criminal proceeding to be commenced or continued against the Plaintiff for aggravated unlawful use of a weapon;

2. The criminal proceeding terminated in a manner indicative of the Plaintiff's innocence;

3. There was no probable cause to commence or continue the criminal proceeding against the Plaintiff for aggravated unlawful use of a weapon;

4. The Defendant acted with malice; and

5. The Plaintiff suffered damages as a proximate result of the Defendant's conduct.

If you find that the Plaintiff has proved each of these as to any Defendant, then you should find for Plaintiff and against that Defendant, and go on to consider the question of damages as to that Defendant.

If you find that the Plaintiff has not proved any one of these things as to any Defendant, then you should find for that Defendant, and you will not consider the question of damages as to that Defendant.

The parties have stipulated that the criminal proceeding against the Plaintiff Terrance Thompson terminated on December 5, 2006 when the state court granted Plaintiff's petition pursuant to section 5/2-1401 of the Illinois Code of Procedure.

The purpose of a section 5/2-1401 petition is to raise facts that were not known to the petitioner or the court at the time of trial, that could have caused the court to render a different decision.

Let me explain what "probable cause" means. A Defendant had probable cause to commence or continue the criminal proceeding against the Plaintiff for aggravated unlawful use of a weapon if a prudent person would have believed that the Plaintiff had committed that crime.

A person commits aggravated unlawful use of a weapon if he knowingly:

1.      carries or conceals on or about his person any pistol, revolver or other firearm when he is not on his own land; or

2.      carries or possesses on or about his person any pistol, revolver or other firearm when he is on any public street, alley, or other public lands within the corporate limits of a city; and

3.      the firearm was uncased, loaded and immediately accessible.

In determining whether any Defendant had probable cause to commence or continue the criminal proceeding against the Plaintiff, you should consider what the Defendant knew, and what reasonably trustworthy information he had received, at the time of his actions.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that the Defendant's belief was probably right.

Illinois law defines malice as the intent, without justification or excuse, to commit a wrongful act.

When I use the expression "proximate cause," I mean a cause which, in the natural and ordinary course of events, produced the Plaintiff's injuries. It need not be the only cause, nor the last or nearest cause. It is sufficient if it occurs with some other cause acting at the same time, which in combination with it, causes the injury.

To succeed on any one of his claims against any one of the Defendants Burzinski, Suchocki or McDermott, Plaintiff Terrance Thompson must prove by a preponderance of the evidence that the Defendant was personally involved in the conduct about which Plaintiff complains. You may not hold any of the Defendants Burzinski, Suchocki or McDermott liable on any claim for what anyone else did or did not do.

If you find that the Plaintiff Terrance Thompson has proved any of his claims against one or more of the Defendants Burzinski, Suchocki or McDermott, then you must determine what amount of damages, if any, the Plaintiff is entitled to recover. The Plaintiff must prove his damages by a preponderance of the evidence.

If you find that the Plaintiff has failed to prove any of his claims against any of the Defendants, then you will not consider the question of damages.

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

You should consider and decide this case as an action between persons of equal standing in the community, and holding the same or similar stations in life. Each party is entitled to the same fair consideration. All parties stand equal before the law and are to be dealt with as equals in a court of justice.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.  A stipulation is an agreement between both sides that certain facts are true.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

-    the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-    the witness's memory;

-    any interest, bias, or prejudice the witness may have;

-    the witness's intelligence;

-    the manner of the witness while testifying;

-    and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider the statements given by any party or witness who testified under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

You have heard evidence that Plaintiff Terrance Thompson has been convicted of a crime. You may consider this evidence only in deciding whether Plaintiff Terrance Thompson's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and materials mentioned during this trial.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

If you decide for all of the Defendants on all of the claims, then you should not consider the question of damages.

You must give separate consideration to each claim and each party in this case.

The parties have stipulated that, prior to trial, each of the Defendants Burzinski, Suchocki and McDermott and non-party witnesses Brett Rice, James Eldridge and John Blake were asked questions under oath. The parties have also stipulated that each of the Defendants Burzinski, Suchocki and McDermott and non-party witnesses Brett Rice, James Eldridge and John Blake asserted his Fifth Amendment privilege not to testify in response to those questions.

You may, but are not required to, infer from each of the Defendants Burzinski, Suchocki and McDermott and non-party witnesses Brett Rice, James Eldridge and John Blake's assertion of his Fifth Amendment privilege that his testimony in response to those questions would have been adverse to him.

Plaintiff Terrance Thompson brings the following claims.

First, the Plaintiff claims that the Defendants Burzinski, Suchocki and/or McDermott violated his right to due process under the Fourteenth Amendment of the United States Constitution by denying him a fair criminal trial.

Second, the Plaintiff claims that the Defendants Burzinski, Suchocki and/or McDermott further violated his right to due process under the Fourteenth Amendment of the United States Constitution by failing to intervene to prevent the above constitutional violation.

Third, the Plaintiff claims that Defendants Burzinski, Suchocki and/or McDermott conspired to violate his right to due process under the Fourteenth Amendment of the United States Constitution.

Fourth, the Plaintiff claims that Defendants Burzinski, Suchocki and/or McDermott maliciously prosecuted him.

Defendants Burzinski, Suchocki and McDermott deny all of these claims.

To succeed on his Fourteenth Amendment due process claim based on the denial of a fair criminal trial against any Defendant, Plaintiff Terrance Thompson must prove each of the following by a preponderance of the evidence:

1. The Defendant deliberately withheld evidence that the officers who testified at Plaintiff's criminal trial engaged in a pattern of misconduct.

2. The evidence withheld was exculpatory or had impeachment value.

3. The evidence withheld was material to an issue at trial.

4. The Plaintiff was damaged as a proximate result of the Defendant's action.

A Defendant deliberately withheld evidence if he failed to disclose it in time for the Plaintiff to make use of it during his criminal trial and the proceedings after the trial in which the Plaintiff sought to have his conviction vacated and the charges against him dismissed and the evidence was not otherwise available to the Plaintiff through the exercise of reasonable diligence. For this claim, you may not consider evidence about the gun itself as evidence that was withheld from the Plaintiff in his criminal proceedings. Evidence about the gun may be considered only with regard to Plaintiff's malicious prosecution claim.

Evidence is exculpatory if it would have been favorable to the Plaintiff in his criminal trial. Evidence has impeachment value if it would have called into question the truthfulness of a witness.

Withheld evidence is material if there is a reasonable probability that, had the evidence been disclosed, the result of the trial would have been different.

If you find that the Plaintiff has proved each of these things as to any Defendant, then you should find for the Plaintiff and against that Defendant, and go on to consider the question of damages as to that Defendant.

If you find that the Plaintiff has not proved any one of these things as to any Defendant, then you should find for that Defendant, and you will not consider the question of damages as to that Defendant.

To succeed on his Fourteenth Amendment due process failure to intervene claim as to any Defendant, Plaintiff Terrance Thompson must prove each of the following things by a preponderance of the evidence:

1. One or more of the Defendants Burzinski, Suchocki or McDermott violated Plaintiff's constitutional rights by denying him a fair criminal trial.

2. The Defendant you are considering knew that one or more of the other Defendants violated the Plaintiff's constitutional rights by denying him a fair criminal trial.

3. The Defendant you are considering had a realistic opportunity to do something to prevent that harm from occurring.

4. The Defendant you are considering failed to take reasonable steps to prevent that harm from occurring.

5. The failure to act of the Defendant you are considering caused the Plaintiff to suffer harm.

If you find that the Plaintiff has proved each of these things as to any Defendant, then you should find for the Plaintiff and against that Defendant, and go on to consider the question of damages as to that Defendant.

If you find that the Plaintiff has not proved any one of these things as to any Defendant, then you should find for that Defendant, and you will not consider the question of damages as to that Defendant.

To succeed on his conspiracy claim as to any Defendant, Plaintiff Terrance Thompson must prove each of the following things by a preponderance of the evidence:

1. That the Defendant formed an express or implied agreement with at least one other Defendant.

2. The purpose of the agreement was to deprive, either directly or indirectly, the Plaintiff of his right to due process.

3. That one or more of the conspirators either did an act in furtherance of the object of the conspiracy or caused someone else to do so.

4. That the Plaintiff suffered some injury as a result of the conspiracy.

If you find that the Plaintiff has proved each of these things as to any Defendant, then you should find for Plaintiff and against that Defendant, and go on to consider the question of damages as to that Defendant.

If you find that the Plaintiff has not proved any one of these things as to any Defendant, then you should find for that Defendant, and you will not consider the question of damages as to that Defendant.



If you find in favor of Plaintiff Terrance Thompson, then you must determine the amount of money that will fairly compensate him for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of any Defendant's violation of his Fourteenth Amendment due process rights by denying him a fair criminal trial or failing to intervene to prevent another Defendant from denying him a fair criminal trial, conspiracy, and/or malicious prosecution. These are called "compensatory damages."

The Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The physical and mental/emotional pain and suffering that the Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

If you find in favor of the Plaintiff but find that he has failed to prove compensatory damages, you must return a verdict for Plaintiff in the amount of one dollar ($1.00).

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

[Verdict form read.]

Take the verdict form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.