**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TERRANCE THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 1130 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| CITY OF CHICAGO, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Terrance Thompson sued Chicago police officers Carl Suchocki, Tim McDermott, John Burzinski ("the officers") and the City of Chicago for violations of 42 U.S.C. § 1983. Plaintiff prevailed and thereafter moved for attorneys' fees and costs pursuant to 42 U.S.C. § 1988. This Court referred the motion to Magistrate Judge Michael T. Mason. Before the Court are plaintiff's objections to Magistrate Judge Mason's Report and Recommendation ("R&R"). For the reasons provided in this Memorandum Opinion and Order, the Court adopts in part and modifies in part the R&R.

**Facts**

On September 21, 2002, Thompson was charged with aggravated unlawful use of a weapon. (Compl. ¶ 13.) On November 4, 2003, Thompson was convicted and sentenced to eight years in prison. (*Id.* ¶ 17.) Thereafter, an Illinois appellate court reversed plaintiff's conviction and remanded his case for a new trial. (R&R at 2.) On December 5, 2006, after spending three years in prison, the State dismissed all charges against Thompson. (Compl. ¶ 18.) This litigation followed.

On February 27, 2007, Thompson filed suit against the officers and the City of Chicago pursuant to, among other things, 42 U.S.C. §§ 1983 and 1985, alleging that the officers fabricated evidence in the course of their investigation, withheld exculpatory evidence and intentionally and knowingly offered false testimony at his trial. (*Id.* ¶¶ 11, 14-16.)

On May 9, 2008, prior to summary judgment briefing, defendants made a settlement offer of $300,000.00 to plaintiff. (Def. Chi.'s Resp. Opp'n Pl.'s Pet. Attys' Fees at 2.) Plaintiff rejected the offer. (*Id.*) Thereafter, on October 20, 2009, and again on October 22, 2009, plaintiff rejected defendants' offer of $425,000.00. (*Id.*)

Because of the failed settlement negotiations, the parties proceeded to a four-day jury trial in November 2009. Prior to trial, the City entered a stipulation agreeing to the entry of judgment against it for plaintiff's *Monell* allegations if the finder of fact found that any of the officer defendants violated plaintiff's constitutional rights. (R&R at 4.) At trial, plaintiff demanded compensatory and punitive damages in excess of $3 million. (Defs.' Mem. Resp. Pl.'s Pet. Attys' Fees at 2.) On November 9, 2009, the jury entered a verdict in favor of Thompson and against defendant Suchocki on plaintiff's § 1983 claim. (R&R at 4.) The jury awarded Thompson $15,000.00 in compensatory damages, but declined to award punitive damages. (*Id.*) The jury found against Thompson on his remaining claims. (*Id.*)

Thompson then moved for attorneys' fees of $473,656.25 pursuant to § 1988, which provides that prevailing plaintiffs in § 1983 cases are entitled to reasonable attorney's fees. (LR 54.3 Joint Stmt. at 1.) Plaintiff also seeks costs and expenses in the amount of $17,026.87. (*Id.*) The Court referred the motion to Magistrate Judge Mason for a R&R.

In sum, Magistrate Judge Mason disallowed some of plaintiff's requested hours for attorneys and paralegals, mostly due to vague time entries and time billed waiting for the jury verdict. (R&R at 13-15.) He also reduced the rate of attorney David Cerda from $475.00 to $425.00 and his paralegal's requested rate from $175.00 to $125.00, after considering the fee award that Cerda and his paralegal received in a recent civil rights case in the Northern District of Illinois. (*Id.* at 11-12.) But he allowed all of Thompson's requested costs and expenses, thereby resulting in an initial award of $130,448.25 in fees and $17,026.87 in costs and expenses. (*Id.* at 17.) Plaintiff filed timely objections to the R&R. Defendants filed no objections.

**Discussion**

When a party makes objections to a magistrate judge's recommendations, "[t]he district court is required to conduct a *de novo* determination of those portions of the magistrate judge's report and recommendations to which objections have been filed." *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995). However, this does not mean the district court must conduct a *de novo* hearing, "[r]ather the district court has discretion to 'accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate [judge].'" *Id.* (quoting Fed. R. Civ. P. 72(b)).

For purposes of § 1988, reasonable attorney's fees are generally calculated by the lodestar method, which requires the court to multiply the hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The

lodestar amount can then be adjusted based on the twelve *Hensley* factors.[1] *Id.* at 434 n.9. But, as the Supreme Court has noted, most of those factors usually are "subsumed within the . . . calculation of hours reasonably expended at a reasonable hourly rate." *Id.* The fee applicant bears the burden of establishing the lodestar amount by providing documentation of appropriate hours and rates. *Id.* at 434.

### A. Number of Hours Expended

Plaintiff objects to Magistrate Judge Mason's recommendation that certain hours be disallowed because the time entries were too vague. In assessing the reasonableness of hours expended, a court has an obligation to exclude hours that are "excessive, redundant, or otherwise unnecessary." *See Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 551 (7th Cir. 1999). Moreover, if any time entry is too vague or otherwise inadequate to allow an assessment of reasonableness, the court may disregard it. *Harper v. City of Chi. Heights*, 223 F.3d 593, 605 (7th Cir. 2000); *Lopez v. City of Chi.*, No. 01 CV 1823, 2007 WL 4162805, at *5 (N.D. Ill. Nov. 20, 2007) ("[T]he applicant for fees must provide sufficient description of the type of work performed.").

The Court agrees with Magistrate Judge Mason that a few entries lack adequate explanation. The few state that the attorney/paralegal "reviewed" documents or depositions, but lack sufficient description of the documents that would allow the Court to determine whether the

---

[1] "The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (1) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Hensley*, 461 U.S. at 430 n.3.

attorney/paralegal's time was reasonably expended. (*Id.* Ex. A, Time Entries at 10/3/09, 10/4/09 for Smith & Antholt ("reviewing documents and deposition notes for witness list"), 4/6/08, 4/11/08 for Baranyk ("review of produced documents"); 11/6/07, 4/6/08, 4/8/08, 4/9/08, 4/10/08, 4/11/08, 4/14/08, 4/16/08 for Kosglad ("reviewing documents"); 10/28/08 for paralegal Breed ("review and file documents").) But because most of these entries are block-billed, instead of disallowing the hours entirely, Magistrate Judge Mason discounted them by half, a wholly reasonable decision. Thus, the Court overrules plaintiff's objection to the Magistrate's reduction of 3.25 hours for Smith, 3.75 for Antholt, 6.25 for Baranyk, 14.25 for Kosoglad and .75 for Breed. (*Id.*)

The Court also overrules plaintiff's objection to Magistrate Judge Mason's recommendation that hours counsel billed while waiting for the jury verdict should be disallowed because they were not reasonably expended. The Court agrees with plaintiff, however, that the fees should be allowed for the hours Smith and Antholt spent at court on November 5, 2009, cross examining a witness, conducting closing arguments and discussing jury instructions and to the extent it accidently allowed the hours that Cerda spent waiting for the jury verdict. (Trial Tr. vol. 1, 11/05/09; LR 54.3 Joint Stmt. Ex A., Time Entries for Cerda at 19.) As a result, the following hours are reduced-- 2 for Johnson, 4.6 for Cerda, 5 for Antholt and 7 for Smith.[2]

Plaintiff also objects to Magistrate Judge Mason's recommendation that the hours for the work of the Smith, Johnson & Antholt paralegals be disallowed entirely for lack of evidentiary support. The Court overrules plaintiff's objection because these paralegals' time entries are

---

[2] Additionally, plaintiff agreed to withdraw 4 hours of Antholt's time. (Pl.'s Pet. Attys' Fees 12, n.4.)

vague, excessive and/or spent on clerical work. (*See, e.g.*, LR 54.3 Joint Stmt. Ex. A., Time Entries for S, J & A paralegals at 8/28/08, 9/9/08 ("file motion"); 9/28/09, 9/29/09, 9/30/09, 10/2/09, 10/5/09, 10/6/09, 10/7/06 (spending a total of 26 hours "reviewing CR files and creating spreadsheet of information"); *see also Lopez*, 2007 WL 4162805, at *5 (noting that the "relevant inquiry for requested paralegal fees is whether the work was sufficiently complex to justify the efforts of a paralegal, as opposed to an employee at the next rung lower on the pay scale ladder") (citations and quotations omitted). Therefore, the Court agrees with Magistrate Judge Mason's R&R and denies plaintiff's request for $8,797.50 for the unnamed Smith, Johnson & Antholt paralegals in its entirety.³

B.  **Reasonable Hourly Rate**

The next step in determining the lodestar is to determine a reasonable hourly rate as established by the prevailing market rate in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Spegon*, 175 F.3d at 555 (stating that the market rate is the "rate that lawyers of similar ability and experience in their community normally charge their paying clients for the type of work in question."). Presumptively, an attorney's actual billing rate for comparable work

---

³ Moreover, plaintiff also objects to Magistrate Judge Mason's recommendation that plaintiff failed to establish a reasonable rate for the unnamed paralegals. Plaintiff argues that because defendants did not object to the hourly rate proposed, he did not need to include any supporting argument or evidence of such rate in his fee petition per Local Rule 54.3, which, according to plaintiff, "specifically direct[s] petitioners to limit their argument and supporting materials to issues in dispute." While plaintiff correctly states part of Local Rule 54.3, another part of the Rule states that the movant must provide evidentiary support for the appropriate hourly rates claimed for each lawyer or paralegal. LR 54.3(d)(2); *see Hensley*, 461 U.S. at 433 ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed."). Plaintiff has submitted nothing in support of these rates. *Riddle v. Nat'l Sec. Agency, Inc.*, No. 05 CV 5880, 2010 WL 1655443, at *4 (N.D. Ill. Apr. 23, 2010) (holding that once plaintiffs provide evidence of their counsel's billing rate, the defendants bear the burden of demonstrating "why a lower rate is essential"). Therefore, the Court agrees with the R&R and finds that plaintiff has not satisfied its burden with regard to the paralegals' rate.

is appropriate to use as the market rate. *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996) (citation omitted). The next best evidence includes rates similarly experienced attorneys in the community charge for similar work, as well as evidence of fee awards the attorney has received in similar cases. *See id.* at 1310-12. The burden of proving the market rate is on the fee applicant. *Blum,* 456 U.S. at 896 n.11. Once the fee applicant has met his burden, the burden shifts to the defendant to demonstrate why a lower rate should be awarded. *People Who Care*, 90 F.3d at 1313.

Next, plaintiff objects to Magistrate Judge Mason's recommendation that attorney David Cerda's hourly rate be reduced from $475.00 to $425.00. In support of Cerda's rate plaintiff provides: (1) Cerda's own affidavit listing previous cases in which he was awarded a market rate of $325.00-$375.00 (Pl.'s Pet. Attys' Fees Ex. B, Cerda Aff. at 1, 3); (2) an undated affidavit from Jon Loevy, another Chicago attorney specializing in civil rights, who attested that he was recently awarded an hourly rate of $395.00, and that Cerda's age and extra three years of experience warrant his higher rate of "$450/hour" (*Id.* Loevy Aff. at 1-2 ); (3) the Laffey Matrix, created by the U.S. Attorney's Office to provide a guideline for hourly rates, which provides a rate of $465.00 for an attorney with similar experience to Cerda (*Id.* Ex. N, Laffey Matrix at 1); and (4) the National Law Journal's survey of billing rates at major Chicago law firms with average/median hourly billing rates of approximately $450.00 to $650.00 (*Id.* Ex. M, National Law Journal at 7, 22, 38).

Plaintiff has not established a market rate of $475.00 an hour for Cerda. First, as Magistrate Judge Mason discussed, neither of the affidavits provided supports a rate of $475.00. Loevy's affidavit supports a rate of $450.00 and Cerda's supports a rate of $375.00. (*Id.* Loevy

7

Aff. at 1-2; *id.* Cerda Aff. at 1-3.) Second, we agree with Magistrate Judge Mason's decision to afford little weight to the Laffey Matrix. While courts in the Northern District have relied on it, it has "not been formally adopted in the Seventh Circuit and its rates appear significantly higher than those typically awarded in this district." *Elusta v. City of Chi.*, No. 06C4264, 2010 WL 5157333, at *3 (N.D. Ill. Dec. 13, 2010). Similarly, the Court agrees with Magistrate Judge Mason's recommendation to give little weight to the National Law Journal's survey of billing rates. The rates listed are not categorized by practice group, let alone specialties such as civil rights or federal litigation. Further, Cerda does not practice law at a large law firm, but runs a civil rights practice with less than ten attorneys. For these reasons, the survey holds little, if any, weight with the Court. The Court, however, finds that defendants' suggested rate of $350.00 is too low given Cerda's experience and the rates he has received in similar cases. *See, e.g.*, *Delgado v. Village of Rosemont*, No. 03C7050, 2006 WL 3147695, at *4 (N.D. Ill. Oct. 31, 2006) (granting a requested hourly rate of $375.00 for Cerda). Given the *Delgado* court's fee, Cerda's experience and specialty in the field of civil rights, and the recently adjudicated hourly rate for Loevy at $395.00 and Smith at $400.00, the Court agrees with Magistrate Judge Mason's recommendation and finds that an hourly rate of $425.00 for Cerda is reasonable.

The lodestar, as calculated by Magistrate Judge Mason and as modified by the Court, is $438,835.00.[4] But as mentioned above, this amount may be adjusted up or down based on the *Hensley* factors, the most important of which is "the degree of success obtained." *Hensley*, 461 U.S. at 436. Additionally, a Court should give "increased reflection" before awarding attorneys' fees that are several times the amount of the damages awarded. *Anderson v. AB Painting &*

---

[4] Based on the following hours and rates: Cerda at 129.2 hours x $425.00; Smith at 335.25 x $400.00; Antholt at 327 x $325.00; Johnson at 79 x $375.00; Kosoglad at 267.75 x $275.00; Baranyk at 122.25 x $250.00 and Breed at 55.45 x $125.00.

*Sandblasting Inc.*, 573 F.3d 542, 546 (7th Cir. 2009). While disproportionality alone does not support a reduction in fees, it raises a "red flag" and the Court must determine whether the hours spent were a "reasonable means to that necessary end." *Id.*

Magistrate Judge Mason recommended that the lodestar be reduced by seventy percent (70%) for multiple reasons, all of which plaintiff contests. First, Magistrate Judge Mason recommended that the lodestar be reduced due to the number of hours billed following the "substantial settlement" offer of $425,000.00. In determining an appropriate attorneys' fee award, courts should consider whether substantial settlement offers were rejected by the party claiming attorneys' fees. *Moriarty v. Svec*, 233 F.3d 955, 967 (7th Cir. 2000). An offer is considered substantial if "the offered amount appears to be roughly equal to or more than the total damages recovered by the prevailing party." *Id.*; *see also Shott v. Rush-Presbyterian*, 338 F.3d 736, 743 (7th Cir. 2003). The Court agrees with Magistrate Judge Mason that the pre-trial settlement offer of $425,000.00 was substantial, and that given the amount of the settlement, many of the hours expended in this litigation, could have, and should have, been avoided. *See Moriarty*, 233 F.3d at 967 ("Attorney's fees accumulated after a party rejects a substantial offer provide minimal benefit to the prevailing party" and thus may not warrant being included in the fee award).

Magistrate Judge Mason also reduced the lodestar in part because plaintiff filed twelve claims, only four of which made it to trial, and demanded $3 million in damages. Plaintiff admits that filing excessive claims and seeking excessive damages can "impede settlement and consume scarce judicial resources." (Pl.'s Reply at 8 (quoting *Cole v. Wodziak*, 169 F.3d 486, 489 (7th Cir. 1999)).) At trial, he recovered only $15,000.00, a fraction of his demand, from

9

only one of the three officer defendants. (Defs.' Mem. Resp. Pl.'s Pet. Attys' Fees at 2.) Given the exaggeration of the claims, the high settlement offer and plaintiff's modest success on the merits, the Court agrees with Magistrate Judge Mason's recommendation that the lodestar be reduced by seventy percent (70%). Therefore, plaintiff shall receive a fee award of $131,650.50.

## Conclusion

For the reasons set forth above, the Court adopts in part and modifies in part Magistrate Judge Michael T. Mason's Report and Recommendation regarding plaintiff's motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 [doc. no. 464]. Therefore, the Court awards plaintiff $131,650.50 in attorneys' fees and $17,026.87 in costs and expenses, for a total of $148,677.37.

**SO ORDERED**            **ENTER: July 18, 2011**

_____
**RONALD A. GUZMAN**
**District Judge**